## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ROBERT RALPH, JR., )<br><br>Plaintiff, )<br><br>v. )<br><br>ZARO TRANSPORTATION, LLC, )<br><br>Defendants. ) | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL

Pursuant to 28 USC §§ 1332, 1441, and 1446, Defendant Zaro Transportation, LLC ("Zaro"), files its Notice of Removal to remove this civil action from the Circuit Court of Mobile County, Alabama, where it was filed, to the United States District Court for the Southern District of Alabama, Southern Division. In support thereof, Zaro states as follows:

## INTRODUCTION

Plaintiff Charles Robert Ralph, Jr. ("Ralph") filed this action against Zaro and Fictitious Defendants numbers 1-80 alleging various personal injury counts arising out of a motor vehicle accident which occurred in Mobile County, Alabama, on November 25, 2019. Ralph alleges that, at all times relevant to the issues made the basis of the suit, Sergio Manzanarez Martinez ("Martinez") was acting in the line

and scope of his employment as the agent, servant, or employee of Zaro.  Martinez is not a named defendant.

As demonstrated below, this Court has jurisdiction pursuant to 28 USC § 1333 because there is complete diversity of citizenship between plaintiff Ralph and defendant Zaro and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## STATEMENT OF REMOVAL

1.     On or about December 30, 2020, Ralph filed a Complaint in the Circuit Court of Mobile County, Alabama docketed as Civil Action Number CV-2020-902120.

2.     On January 22, 2021, Zaro was served for the first time with a Summons and a copy of the Complaint.  Pursuant to 28 USC § 1446 (a), true and correct copies of all process, pleadings, and other documents served upon Zaro are provided along with its removal notice.  (Attached hereto as Exhibit "A").

## DIVERSITY OF CITIZENSHIP

3.     Plaintiff Ralph is an adult resident of Mobile County, Alabama.  (See Exhibit A, Complaint ¶ 1).

4.     Defendant Zaro is a Texas Domestic Limited Liability Company, with its principle place of business in the State of Texas.  (See Id. ¶ 2).  With respect to diversity of citizenship, "a limited liability company, like a partnership, 'is a citizen

of any state of which a member of the company is a citizen.'" <u>Porter v. Crumpton</u> <u>& Assoc's</u>, *LLC*, 862 F. Supp. 2d 1303, 1308 (M.D. Ala. 2012) (quoting <u>Rolling</u> <u>Greens MHP, L.P. v. Comcast SCH Holdings</u>, *LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Consequently, "[t]o sufficiently allege the citizenship[] of [an] unincorporated business entit[y], a party must list the citizenships of all the members of the limited liability company." <u>Rolling Greens</u>, 374 F.3d at 1022. The sole member of Zaro is a citizen of Mexico that does not maintain a domicile in the State of Alabama.

5.    The citizenship of Fictitious Defendants 1-80 is disregarded for purposes of diversity jurisdiction. See 28 USC § 1441 (b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

6.    Because Ralph is a citizen of Alabama and Zaro is a Texas Limited Liability Company with its principal place of business in Texas and its sole member is a citizen of Mexico, there is complete diversity of citizenship pursuant to § 1332 (a)(1) and (2). See also <u>Rolling Greens</u>, 374 F.3d at 1022.

## AMOUNT IN CONTROVERSY

7.    Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement." <u>Roe v. Michelin N. Am., Inc.</u>, 613 F. 3d 1058, 1061 (11th Cir.

2010)(quoting Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F. 3d 1069 (11th Cir. 2000)); Pretka v. Kolter City Plaza, Inc. 608 F. 3d 744, 752 (11th Cir. 2010). When determining if the defendant has satisfied the burden, we must first determine if it is facially apparent from the complaint that the jurisdictional amount is in controversy. Pretka v. Kolter City Plaza, Inc. 608 F. 3d 744, 755 (11th Cir. 2010). It is facially apparent from Ralph's Complaint he suffered injuries on November 25, 2019, and those injuries were severe and are permanent in nature. (See Complaint). At the time of the filing of his Complaint, a year and one month after his injury, he was still seeking medical treatment because of continued pain and suffering and treatment will be required in the future. _Id_. Ralph has incurred medical billing from a year and one month of medical treatment and will continue to incur medical expenses in the future. _Id_. In addition to medical expenses, Ralph has lost and will continue to lose enjoyment and quality of life. _Id_. Not only is Ralph seeking compensation for all of the above, she is also seeking punitive damages. _Id_.

8.     The 11th Circuit has made clear that "[t]he plaintiffs' likelihood of success on the merits is largely irrelevant to the Court's jurisdiction because a pertinent question is what is in controversy in the case, not how much the plaintiffs are likely to recover." Pretka, 608 F. 3d at 751. Moreover, in determining the amount in controversy:

> 11th Circuit precedent permits District Courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a District Court need not "suspend reality or shelve common sense in determining whether the face of a complaint...establishes the jurisdictional amount." Instead, Courts may use their judicial experience and common sense in determining whether a case stated in a complaint meets federal jurisdictional requirements.

Roe, 613 F. 3d at 1061 (internal citations omitted).

9.  To ascertain the amount in controversy, the Court considers the Notice of Removal and all of the evidence presented by the defendant which can include both documents received from plaintiff and defendant's own evidence. Pretka, 608 F. 3d at 755-56. The Pretka Court further recognized that "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper." Id. at 755.

10. The 11th Circuit has also held that "in determining the jurisdictional amount in controversy in diversity case, punitive damages must be considered...unless it is apparent to a legal certainty that such cannot be recovered." Blackwell v. Great Am. Fin. Res., Inc., 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009)(quoting Holley Equip. Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987).

11.    In this case, Ralph's Complaint makes an unspecified demand for damages, but correspondence from Plaintiff's counsel, judicial experience, and common sense dictate that the amount in controversy in this case exceeds $75,000.00.  Specifically, Ralph alleges that he has been "caused to suffer damage, is presently suffering damage, and will continue to suffer damage in the future." (Exhibit A, Complaint ¶¶ 11 and 14).   Such damages include but are not limited to "serious bodily harm, personal injury, permanent injury, medical bills (past and future), permanent physical impairment, permanent scarring, disability, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, and loss of enjoyment and quality of life (past and present)."   (Id.).   All of these past and present claims of injury and damages purportedly arise out of the motor vehicle accident in this case in addition to Zaro's negligently and wantonly:

> "failing to properly and/or adequately educate, train, and/or supervise … Martinez …; [] failing to adequately instruct, monitor and/or direct [Martinez]…; [] failing to determine whether [Martinez] was properly qualified; hiring and/or retaining [Martinez]; [] operating a commercial tractor-trailer by an unqualified and/or incompetent driver; [] failing to institute an adequate safety program for all drivers … ; [] failing to put in place an adequate preventative crash program for all drivers … ; and [] failing to educate drivers in defensive driving techniques, and [] failing to require the drivers to utilize defensive driving techniques."

(Id. at ¶¶ 17 and 20).

Indeed, Plaintiff's medical billing, received from Plaintiff's counsel, albeit incomplete, totals $19,088.41. (See Correspondence from Plaintiff's Counsel Dated April 23, 2020, attached hereto as Exhibit "B").  This incomplete medical billing number alone, reflecting medical charges from November 25, 2019 through April 23, 2020, is nearly thirty percent of the jurisdictional threshold and does not take into account the punitive damages sought or the damages Ralph seeks for pain and suffering, medical charges after April 23, 2020, but before suit demonstrating the supposed "permanency" of Ralph's injuries, and potential future medical damages arising out of Ralph's "permanent injuries".  (Exhibit A, Complaint and Exhibit B). Simply put, Ralph's claimed medical damages are fairly substantial.  Coupling the bills, as presented by Ralph's counsel, and the alleged severity of the injuries with the allegations of punitive damage and mental anguish, the jurisdictional threshold is met.

Moreover, Ralph's counsel sent correspondence to the insurance carrier for Zaro on April 23, 2020 making a settlement demand for an unspecified amount. (Id.).  While the settlement demand was for an unspecified amount, Ralph's counsel made no attempt to qualify the demand as being an amount of $74,999.00 or less. (See Id.).  The settlement demand should be given weight by the Court due to the fact that it provided specific information as to Ralph's condition and medical treatment (i.e. CT Abdomen/Pelvis w/ Contrast, CT Brain, CT Thorax, X-Ray

Cervical Spine, X-Ray Chest, Lumbar Strain, Back Pain, Neck Pain, Head Pain, Lightheaded, Numbness in Fingers, and Post-Traumatic Stress Disorder).   (Id.). Indeed, the settlement demand provides details as to the severity of the Ralph's injuries and offers justification for a demand that was not be quantified by Ralph and his counsel as being equal to or less than $74,999.00.   By failing to qualify his demand as being less than the jurisdictional requirement for the amount in controversy, Ralph offers a reasonable assessment that the value of his claim is greater than $75,000.00.

In Benandi v. Mediacom Se., LLC, the District Court for the Southern District of Alabama stated, "settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight."  2011 WL 5077403, at *2 (S.D. Ala. Sept. 30, 2011) report and recommendation adopted, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011. (citing Golden Apple Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D. Ala.1998)).  The settlement demand by Ralph's counsel in this case contains specific information related to Ralph's medical treatment, the costs associated with that treatment, and the fact that Ralph will need future medical treatment.  Accordingly, while Ralph's settlement demand was not for a specific amount, it should be afforded "more weight" when determining the amount in controversy requirement has been met because the

demand offers a reasonable assessment that the value of Ralph's claim is greater than the jurisdictional requirement.

12.    The complaint's failure to disclaim entitlement to more than $74,999.99 further supports the fact that more than $75,000.00 is "in controversy." See Jones v. Novartis Pharm. Co., 952 F. Supp. 2d 1277, 1286 (N.D. Ala. 2013).

13.    In sum, based on the nature of the complaint's allegations, the type of injuries and future necessary treatment, allegations of pain and suffering, permanent injuries, disability, permanent scarring, loss of enjoyment of life and punitive damages, and Ralph's failure to disclaim an entitlement of more than $74,999.99, "judicial experience and common sense" dictate that it is more likely than not that the complaint places more than $75,000.00 in controversy.  See Roe, 613 F. 3d at 1061.

## THE OTHER PREREQUISITES OF REMOVAL HAVE BEEN SATISFIED

13.    This Notice of Removal is timely filed pursuant to 28 USC § 1446 (b), as it is filed within thirty (30) days of Zaro's receipt of the complaint through service of process and Zaro is the lone defendant named in the complaint.  (Exhibit A, Affidavit of Service).

14.    Removal of this action to the Southern District of Alabama is proper pursuant to 28 USC § 1446 (a) because this Court is the United States District Court for the district and division embracing the place where the State Court action is

pending, and the alleged incident giving rise to this cause of action occurred in Mobile County, Alabama.  (Exhibit A, Complaint).

15.    Pursuant to 28 USC § 1446 (d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be served on Ralph's counsel and filed with the Clerk of Court for the Circuit Court of Mobile County, Alabama.

16.    The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division, and this cause is removable to the same.

**WHEREFORE**, Defendant Zaro Transportation, LLC, desires to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, and prays that the filing of this Notice of Removal shall affect the removal of said action to this Court.

Respectfully submitted


/s/Todd N. Hamilton
Todd N. Hamilton
Email: THamilton@ssp-law.com


/s/Peter M. Wolter
Peter M. Wolter
Email: PWolter@ssp-law.com
Attorneys for Defendant Zaro
Transportation, LLC
Smith, Spires, Peddy, Hamilton &
Coleman, P.C.
3500 Colonnade Parkway – Suite 350
Birmingham, Alabama 35243

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2021, I electronically filed the foregoing document with the Clerk of Court, using Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following e-mail address(es):

**Via Email:**  jon@citrinlaw.com
Jon David Roberts, Jr.
Andy Citrin Injury Attorneys
P.O. Box 2187
Daphne, Alabama 36526


/s/Todd N. Hamilton
OF COUNSEL

**EXHIBIT A**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2020-902120.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## CHARLES ROBERT RALPH JR. V. ZARO TRANSPORTATION LLC

**NOTICE TO:** ZARO TRANSPORTATION LLC, 18729 METROPOLITAN ROAD, LAREDO, TX 78045
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JON DAVID ROBERTS JR.
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 2187, Daphne, AL 36526
_____ .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLES ROBERT RALPH JR.
pursuant to the Alabama Rules of the Civil Procedure.
*[Name(s)]*

| 10/20/2020 | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ JON DAVID ROBERTS JR.
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .
*(Date)*

_____          _____          *(Address of Server)*
*(Type of Process Server)*          *(Server's Signature)*          _____

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
10/20/2020 9:54 AM
02-CV-2020-902120.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **CHARLES ROBERT RALPH, JR.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **ZARO TRANSPORTATION LLC; 1-20;** the ) | **CIVIL ACTION NO.** |
| person(s), firm(s) or corporation(s) who ) | |
| operated and/or controlled the truck(s), ) | |
| and/or trailer(s) that contributed to Plaintiff's ) | **02-CV-2020-_____** |
| injuries at the times made the basis of this ) | |
| suit; **21- 40,** the person(s), firm(s) or ) | |
| corporation(s) who was or were the principal, ) | |
| master, or employer of the individuals who ) | |
| operated and/or controlled the truck(s), ) | |
| and/or trailer(s) that contributed to injuring ) | |
| Plaintiff Charles Robert Ralph, Jr. at the ) | |
| times made the basis of this suit; **41-60,** the ) | |
| person(s), firm(s) or corporation(s) who ) | |
| negligently and/or wantonly trained, ) | |
| educated, supervised and/or monitored those ) | |
| person(s), firm(s) or corporation(s) who ) | |
| operated and/or controlled the truck(s), ) | |
| and/or trailer(s) that contributed to injuring ) | |
| Plaintiff Charles Robert Ralph, Jr at the times ) | |
| made the basis of this suit; **61-80,** the ) | |
| person(s), firm(s) or corporation(s) ) | |
| responsible for and who did in fact assist or ) | |
| contribute in any way to the tortious conduct ) | |
| made the basis of this suit; all of whose true ) | |
| names and legal identities are otherwise ) | |
| unknown to the Plaintiff but who will be ) | |
| substituted by amendment when ascertained, ) | |
| separately and severally, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff CHARLES ROBERT RALPH, JR., files this Complaint against Defendants

ZARO TRANSPORTATION LLC; and fictitious defendants 1-80; individually and jointly,

as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff CHARLES ROBERT RALPH, JR, is an adult resident of Mobile

County, Alabama and was so at all relevant times.

2.      Defendant ZARO TRANSPORTATION LLC (sometimes referred to

hereinafter as "Zaro" or "Defendant" or included within the term "Defendants") is a Texas

Domestic Limited Liability Company with its principal place of business in Laredo, Texas;

operates commercial trucks throughout the United States; and is subject to the Federal

Motor Carrier Safety Regulations.

3.      Defendants 1-80 are fictitious defendants whose actions or inactions caused

and/or contributed to cause the injuries described in detail throughout this Complaint and

suffered by Plaintiff CHARLES ROBERT RALPH, JR.  The names and true legal identities

of fictitious defendants 1-80 are otherwise unknown at this time but will be substituted by

amendment when ascertained.

4.      At all times material to this Complaint, SERGIO MANZANAREZ MARTINEZ

(sometimes referred to hereinafter as "Martinez") was an agent, servant and/or employee

of Defendant ZARO TRANSPORTATION LLC.  Further, Martinez was charged with the

responsibility of operating a tractor trailer truck for the benefit of Defendant ZARO

TRANSPORTATION LLC.  Further, at all times relevant to the issues made the basis of

this suit, Martinez and Defendants 1-20 were acting within the line and scope of their

employment as the agents, servants or employees of the Defendant ZARO

TRANSPORTATION LLC, Inc. and/or fictitious defendants 21-80.

5.      On November 25, 2019 at or about 9:43 AM, Defendant ZARO

TRANSPORTATION LLC, by and through its employee SERGIO MANZANAREZ MARTINEZ,

failed to operate its tractor trailer truck on northbound on Rangeline Road and in a safe

manner.

6.      As a direct consequence of Defendant ZARO TRANSPORTATION LLC's

failure to operate its tractor trailer truck in a safe manner, a high energy crash occurred.

7.      The above-described high-energy crash caused Plaintiff CHARLES

ROBERT RALPH, JR. to suffer injuries.

8.      For the acts and omissions set out and described herein, the law of the State

of Alabama provides remedy under statutory and common law causes of action.

---

### FIRST CAUSE OF ACTION
### Negligence

---

9.      Plaintiff incorporates here all of the allegations contained in the GENERAL

ALLEGATIONS as if set forth fully herein.

10.     The injuries described in detail throughout this Complaint and suffered by

Plaintiff CHARLES ROBERT RALPH, JR., were proximately caused by the negligence of

Defendant ZARO TRANSPORTATION LLC, including but not limited to the negligence of

this defendant's employee, SERGIO MANZANAREZ MARTINEZ .

11.     As a proximate consequence of said negligence,  Plaintiff was caused to

suffer damage, is presently suffering damage, and will continue to suffer damage in the

future, such damages including but not limited to the following:  serious bodily harm,

3

personal injury, permanent injury, medical bills (past and future), permanent physical impairment, permanent scarring, disability, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, and loss of enjoyment and quality of life (past and future).

WHEREFORE, Plaintiff CHARLES ROBERT RALPH, JR. demands judgment for compensatory damages, plus interest and cost, in amounts deemed appropriate by the jury, against Defendant ZARO TRANSPORTATION LLC, and fictitious defendants 1-80, individually and jointly.

---

## SECOND CAUSE OF ACTION
### Wantonness

---

12.     Plaintiffs incorporate here all of the allegations contained in the Paragraphs 1 through 11 as if set forth fully herein.

13.     The injuries described in detail throughout this Complaint and suffered by Plaintiff CHARLES ROBERT RALPH, JR., were proximately caused by the wantonness of Defendant ZARO TRANSPORTATION LLC, including but not limited to the wantonness of this defendant's employee, SERGIO MANZANAREZ MARTINEZ .

14.     As a proximate consequence of said wantonness,  Plaintiff was caused to suffer damage, is presently suffering damage, and will continue to suffer damage in the future, such damages including but not limited to the following:  serious bodily harm, personal injury, permanent injury, medical bills (past and future), permanent physical impairment, permanent scarring, disability, physical pain and suffering (past and future), mental anguish, medical expenses, financial loss, inconvenience, annoyance, and loss

of enjoyment and quality of life (past and future).

WHEREFORE, Plaintiff CHARLES ROBERT RALPH, JR. demands judgment for compensatory and punitive damages, plus interest and cost, in amounts deemed appropriate by the jury, against Defendant ZARO TRANSPORTATION LLC, and fictitious defendants 1-80, individually and jointly.

## THIRD CAUSE OF ACTION
### Negligent Hiring, Retention, Monitoring, Supervision, and/or Training

15.    Plaintiff CHARLES ROBERT RALPH, JR. incorporates all of the allegations contained in Paragraphs 1 through 14 as if set forth fully herein and further allege as follows:

16.    Defendant ZARO TRANSPORTATION LLC and/or Defendants 21-80, negligently hired, trained (or failed to adequately train), monitored (or failed to adequately monitor), supervised (or failed to adequately supervise), instructed (or failed to adequately instruct) defendant's employee, SERGIO MANZANAREZ MARTINEZ and/or Defendants 1-20, and as a proximate result Plaintiff CHARLES ROBERT RALPH, JR. suffered injuries and damages.

17.    The injuries and damages suffered by the Plaintiff CHARLES ROBERT RALPH, JR. as set out hereinabove were the proximate result of the negligence of Defendant ZARO TRANSPORTATION LLC and/or fictitious defendants 21-80, in one or more of the following respects:

a.    Negligently failing to properly and/or adequately educate, train and/or supervise defendant's employee, SERGIO MANZANAREZ MARTINEZ and/or defendants 1 through 20;

5

b.  Negligently failing to adequately instruct, monitor and/or direct the driver of the aforesaid tractor-trailer involved in the incident made the basis of this lawsuit;

c.  Negligently failing to determine whether the driver of the aforesaid tractor-trailer was properly qualified;

d.  Negligently hiring and/or retaining defendant's employee, SERGIO MANZANAREZ MARTINEZ and/or defendants 1 through 20;

e.  Negligently operating a commercial tractor-trailer by an unqualified and/or incompetent driver;

f.  Negligently failing to institute an adequate safety program for all drivers of commercial motor vehicles utilized by these Defendants;

g.  Negligently failing to put in place an adequate preventative crash program for all drivers of commercial motor vehicles utilized by these Defendants; and

h.  Negligently failing to educate drivers in defensive driving techniques, and negligently failing to require the drivers to utilize defensive driving techniques.

WHEREFORE, the premises considered, Plaintiff, CHARLES ROBERT RALPH, JR., respectfully requests this Honorable Court enter judgment for compensatory damages against Defendant ZARO TRANSPORTATION LLC and fictitious defendants 21-80, in such sum as is determined to be just, reasonable, and adequate under the circumstances, including interest and all costs of this proceeding.

## FOURTH CAUSE OF ACTION
**Wanton Hiring, Retention, Monitoring, Supervision, and/or Training**

18.     Plaintiff CHARLES ROBERT RALPH, JR. incorporates all of the allegations contained in Paragraphs 1 through 17 as if set forth fully herein and further allege as follows:

19.     Defendant ZARO TRANSPORTATION LLC and/or Defendants 21-80, wantonly hired, trained (or failed to adequately train), monitored (or failed to adequately monitor), supervised (or failed to adequately supervise), instructed (or failed to adequately instruct) defendant's employee, SERGIO MANZANAREZ MARTINEZ and/or Defendants 1-20, and as a proximate result Plaintiff CHARLES ROBERT RALPH, JR. suffered injuries and damages.

20.     The injuries and damages suffered by the Plaintiff CHARLES ROBERT RALPH, JR. as set out hereinabove were the proximate result of the wantonness of Defendant ZARO TRANSPORTATION LLC and/or fictitious defendants 21-80, in one or more of the following respects:

   a. Wantonly failing to properly and/or adequately educate, train and/or supervise defendant's employee, SERGIO MANZANAREZ MARTINEZ and/or defendants 1 through 20;

   b. Wantonly failing to adequately instruct, monitor and/or direct the driver of the aforesaid tractor-trailer involved in the incident made the basis of this lawsuit;

c. Wantonly failing to determine whether the driver of the aforesaid tractor-trailer was properly qualified;

d. Wantonly hiring and/or retaining defendant's employee, SERGIO MANZANAREZ MARTINEZ and/or defendants 1 through 20;

e. Wantonly operating a commercial tractor-trailer by an unqualified and/or incompetent driver;

f. Wantonly failing to institute an adequate safety program for all drivers of commercial motor vehicles utilized by these Defendants;

g. Wantonly failing to put in place an adequate preventative crash program for all drivers of commercial motor vehicles utilized by these Defendants; and

h. Wantonly failing to educate drivers in defensive driving techniques, and wantonly failing to require the drivers to utilize defensive driving techniques.

WHEREFORE, the premises considered, Plaintiff, CHARLES ROBERT RALPH, JR., respectfully requests this Honorable Court enter judgment for compensatory and punitive damages against Defendants in such sum as is determined to be just, reasonable, and adequate under the circumstances, including interest and all costs of this proceeding.

Respectfully submitted,

**CITRIN LAW FIRM, P.C.**
Attorneys for Plaintiff

*/s/ Jon D. Roberts, Jr.*
JON D. ROBERTS, JR.
1703 Main Street
Post Office Drawer 2187
Daphne, AL  36526
Telephone: 251.888.8888
Facsimile: 251.888.8000
Email: jon@CitrinLaw.com

**Plaintiff respectfully demands trial by jury**.

*/s/  Jon D. Roberts, Jr.*

The following defendant may be served **VIA CERTIFIED MAIL** as follows:

**ZARO TRANSPORTATION LLC**
18729 Metropolitan Road
Laredo, Texas 78045

*/s/  Jon D. Roberts, Jr.*


ELECTRONICALLY FILED
10/20/2020 9:54 AM
02-CV-2020-902120.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**CHARLES ROBERT RALPH, JR.,**                )
                                              )
                      Plaintiffs,             )
        v.                                    )
                                              )
                                              )
**ZARO TRANSPORTATION LLC; 1-20;** the        )
person(s), firm(s) or corporation(s) who      )          CIVIL ACTION NO.
operated and/or controlled the truck(s),      )
and/or trailer(s) that contributed to Plaintiff's )
injuries at the times made the basis of this  )          02-CV-2020-_____
suit; **21- 40,** the person(s), firm(s) or   )
corporation(s) who was or were the principal, )
master, or employer of the individuals who    )
operated and/or controlled the truck(s),      )
and/or trailer(s) that contributed to injuring )
Plaintiff Charles Robert Ralph, Jr. at the    )
times made the basis of this suit; **41-60,** the )
person(s), firm(s) or corporation(s) who      )
negligently and/or wantonly trained,          )
educated, supervised and/or monitored those   )
person(s), firm(s) or corporation(s) who      )
operated and/or controlled the truck(s),      )
and/or trailer(s) that contributed to injuring )
Plaintiff Charles Robert Ralph, Jr at the times )
made the basis of this suit; **61-80,** the   )
person(s), firm(s) or corporation(s)          )
responsible for and who did in fact assist or )
contribute in any way to the tortious conduct )
made the basis of this suit; all of whose true )
names and legal identities are otherwise      )
unknown to the Plaintiff but who will be      )
substituted by amendment when ascertained,    )
separately and severally,                     )
                                              )
                      Defendants.             )

---

## PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT
## ZARO TRANSPORTATION LLC

---

Plaintiff propounds the following discovery to Defendant ZARO TRANSPORTATION LLC in accordance with the Alabama Rules of Civil Procedure.

## INSTRUCTIONS

1.      You are requested to furnish all information in your possession and all information available to you, not merely such information as is of your own personal knowledge but also all knowledge that is available to you through employees, officers, directors, and agents by reasonable inquiry, including inquiry of your representatives and attorneys.

2.      The term "identify" or "identified" when used with reference to a document shall mean to provide so much of the following information about said document as is known to you or reasonably ascertainable by you:

a)      The date of such document.

b)      The author of such document.

c)      The recipient of such document.

d)      All addressee(s) and the address(es) to whom the document was sent (if any).

e)      The name of the present custodian of the document.

f)      The address of the present whereabouts of the document.

g)      A detailed summary of the subject matter of such document.

h)      A complete listing of any document or recording which was attached to, referred to or was the subject matter of said document.

i)      A statement as to whether such document has ever been produced or disclosed by you.

2

j) If you assert any privilege with respect to said document, a statement of the factual and legal basis for said assertion of privilege, with the same clarity and in the same detail that you would present such assertion of privilege to the court in defense of said privilege.

3. The word "document", whether used in the singular or plural, when used herein shall be interpreted in its broadest sense, and shall include any original, reproduction or copy of any kind of writing or documentary material, including without limitation, correspondence, letters, memoranda, interoffice communications, e-mail, notes, diaries, contracts, drawings, plans, specifications, fax communications, shipping records, bills of lading, minutes of meetings, invoices, billings, checks, reports, studies, articles, books, telegrams, notes of telephone conversations, computer discs, computer tapes and any other physical recordation of any and all communications and every other means of recording or preserving any tangible information, which employs the use of letters, words, pictures, symbols or any combination thereof.

4. If you are unable to answer any of the following interrogatories or requests for production completely, you should answer to the extent possible and should state, in detail, the reason that your answer is incomplete or the reason that you are unable to answer the question(s) or produce the requested documents or records.

5. The Plaintiff(s) also hereby make a demand for the supplementation of all responses to these Interrogatories and Requests for Production as is required by Rule 26 of the Alabama Rules of Civil Procedure. Specifically, the Defendant(s) is (are) under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect as made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such

3

that a failure to amend the response is in substance a knowing concealment. Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff(s) within fifteen (15) days of receipt of such information.

6.      Plaintiff(s) also ***HEREBY REQUEST THAT ALL DOCUMENTS PRODUCED IN RESPONSE TO THE FOLLOWING INTERROGATORIES AND REQUESTS FOR PRODUCTION BE BATES STAMPED; AND, FOR EACH INTERROGATORY ELICITING A RESPONSE WHICH REFERS TO ANY DOCUMENT THAT THE RESPONSIVE DOCUMENTS BE IDENTIFIED BY REFERRING TO THEIR RESPECTIVE BATES STAMP NUMBERS.***

## DISCOVERY REQUESTS

### *Basic Information*

1.     Is your name correctly stated in the Complaint filed in this action? If not, please
state the correct name by which you may sue or be sued in a court of law.

**RESPONSE:**


2.     State the full name, date of birth, social security number, residence address, and
telephone number of each person participating in the answering of these discovery
requests.

**RESPONSE:**


3.     Do you have liability insurance of any type that may conceivably provide coverage
relative to the allegations and events described in the Complaint?

**RESPONSE:**


4.     If your answer to the previous request was "Yes": Please produce complete copies
of all such insurance policies, including any and all references to policy limits.

**RESPONSE:**


5.     Do you have excess liability insurance and/or umbrella insurance of any type that
may conceivably provide coverage relative to the allegations and events described
in the Complaint?

**RESPONSE:**

4

6.    If your answer to the previous request was "Yes": Produce complete copies of all such excess and/or umbrella policies, including all references to policy limits.

**RESPONSE:**


7.    Please produce complete copies of any and all insurance policies, including all references to policy limits, that provided coverage of any type or kind for: (i) the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) that was involved in the crash made the basis of Plaintiff's Complaint.

**RESPONSE:**


8.    Please produce all documents that this Defendant receives in response to all non-party subpoenas issued by this Defendant in this case. **NOTE:** Please consider this request ongoing in nature and subject to the requirements to supplement detailed in Rule 26, Ala. R. Civ. P.

**RESPONSE:**


9.    Please provide all available dates (beginning with the nearest dates possible) on which this Defendant's corporate representative and the employees knowledgeable about the event made the basis of this action are available to give deposition testimony. **NOTE:** Please consider this request Plaintiff's counsel's attempt to depose the Defendant(s) at the earliest possible opportunity.

**RESPONSE:**

10. Please state whether this Defendant is owned by any parent corporation. If so, please state the full and complete name and address of the parent corporation and the corporate relationship existing between this Defendant and any such parent corporation and/or subsidiary of such parent corporation.

**RESPONSE:**

11. Please identify each expert witness you intend to call at trial by providing the following information and/or producing the following materials:

A. State the substance of the facts and opinions to which the expert is expected to testify;

B. State the substance of the facts and opinions upon which the expert may rely in providing his or her opinions;

C. Describe the expert's qualifications, including but not limited to the expert's field of expertise, education, employment history, and teaching or instructional experience;

D. Please identify all publications written or edited by the expert;

E. State the matters for which the expert has been retained to testify in the last five years, including the identity of the individual who retained the expert, the style of the case, the court in which the case was pending, and the identity of all other attorneys involved in the case;

F. State whether the expert has prepared an oral or written report of the expert's findings and/or conclusions;

G. Produce a current resume or curriculum vitae for the expert; and

H. Produce all documents the expert has reviewed, analyzed, relied upon, or considered in this case.

**RESPONSE:**

6

12.     For all persons known to this Defendant to have <u>any knowledge</u> concerning the facts
        or circumstances surrounding the November 25, 2019 crash made the basis of
        Plaintiff's Complaint, please state the following with respect to each such person:

        A.      First, last and middle legal name;

        B.      Affiliation with this Defendant;

        C.      Job title or capacity;

        D.      Address and telephone number;

        E.      General substance of person's knowledge.

**RESPONSE:**


13.     Please state the name, last known address and telephone number of each person
        known to you who claims to have been an <u>eye-witness</u> to the November 25, 2019
        crash made the basis of Plaintiff's Complaint.

**RESPONSE:**


14.     Please identify all representatives (including agents, servants and/or legal counsel)
        of this Defendant who responded to the scene of the crash made the basis of
        Plaintiff's Complaint <u>at any time</u> within the 36 hours immediately following the crash.
        **<u>NOTE</u>**: For each such individual identified, this interrogatory specifically requests the
        full name, last known address, last known telephone number, and all dates of
        employment with this Defendant.

**RESPONSE:**

7

15.     Please produce all incident reports and/or accident reports generated, created and/or obtained by this Defendant that relate in any way to the November 25, 2019 crash made the basis of Plaintiff's Complaint.

**RESPONSE:**

16.     Please produce all audio recordings in the possession, custody or control of this Defendant (including but in no way limited to calls from the drivers to the company and/or in-cab recordings) that relate in any way to the November 25, 2019 crash made the basis of Plaintiff's Complaint.

**RESPONSE:**

17.     Please produce <u>color copies</u> of all **photographs** *and/or* **video recordings (including but not limited to surveillance video)** that show any part of the events leading up to, culminating in and/or following the November 25, 2019 crash made the basis of Plaintiff's Complaint.

**RESPONSE:**

18.     Please produce <u>color copies</u> of all **photographs** *and/or* **video recordings** that are in this Defendant's possession (including the constructive possession of employees, agents, or representatives of this Defendant) or control, and that reflect: (i) the scene of the crash as it existed at any time on or after November 25, 2019; **and/or** (ii) any of the vehicles,

8

trailers, loads, and/or component parts involved in the incident at any time

on or after November 25, 2019.

**RESPONSE:**

19.    State specifically and in detail your understanding of exactly how the crash

referred to in Plaintiff's Complaint occurred.

**RESPONSE:**

<u>*Vehicles, Equipment, Data, etc.*</u>

20.    Please produce the results, printouts, information and/or documents of

any electronic data obtained from the 2018 International tractor-trailer

truck (VIN 3HSDZAPR6JN684845) involved in the November 25, 2019

crash described in Plaintiff's Complaint, and that relates to data

recordings made at any point from 30 minutes prior to the crash to 5

minutes after the impact. **NOTE:** This request specifically includes such

information and materials from any electronic control device (ECD),

electronic data recorder (EDR), onboard electronic devices, any GPS

systems, any remote tracking devices, any remote computer systems

and/or any software systems of any type or kind.

**RESPONSE:**

21.    Please produce all documents, computer printouts, electronic data and/or

electronic reports generated, created, printed, obtained and/or otherwise

obtainable by this Defendant that show the speed, braking input, steering

9

input, location, and/or change in velocity of this Defendant's truck that was involved in the November 25, 2019 crash described in Plaintiff's Complaint, during the time-period from 30 minutes prior to the crash to 5 minutes after the impact.

**RESPONSE:**

22.     Please identify all GPS location equipment either on-board or otherwise tracking the the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) as of November 25, 2019.

**RESPONSE:**

23.     Please identify all equipment, software, technology and/or services that this Defendant used as of November 25, 2019 to track the <u>location</u> **_and/or_**

<u>vehicle</u>

<u>characteristics</u> (e.g., engine output, RPMs, braking, fuel consumption, speed, crash occurrence, hard braking, etc.) of the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845).

**RESPONSE:**

24.     Did this Defendant have any video recording devices and/or driver cams installed in the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845)?

**RESPONSE:**

25.   If your answer to the previous request was "Yes": Please produce all unedited video from 30 minutes prior to the impact to 60 minutes after the impact.

**RESPONSE:**

26.   Please identify all equipment, software, technology and/or services that this Defendant used as of November 25, 2019, to communicate with the drivers and/or passengers of the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845)

**RESPONSE:**

27.   Please identify the owner of the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) involved in the November 25, 2019 crash.

**RESPONSE:**

28.   With respect to the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) involved in the November 25, 2019 crash, please state the following:

   A.   The point of origin in transit at the time of the crash.

   B.   The time and location of all stops at any intermediate points prior to the November 25, 2019 crash.

**RESPONSE:**

11

29.     Please produce all ownership and registration records that relate to the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) that was involved in the November 25, 2019 crash.

**RESPONSE:**

30.     Please produce all "documents" that relate to any inspection (including but not limited to pre-trip inspections, maintenance inspections and/or safety inspections) of the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) for the time period of 180 days prior to the crash, the day of the crash, and the 10 days following the crash.

**RESPONSE:**

31.     Please produce all "documents" that relate to any maintenance recommended and/or performed relative to the 2018 International tractor-trailer truck (VIN 3HSDZAPR6JN684845) for the time period of 180 days prior to the crash, the day of the crash, and the 10 days following the crash.

**RESPONSE:**

*Training Materials, Company Handbooks, etc.*

32.     Please produce all "documents" that constitute or reflect in any way the policies and/or procedures that this Defendant had in place as of November 25, 2019.

12

**RESPONSE:**

33.   Please produce all training materials _of any type whatsoever_ (including but
      in no way limited to computer-based training, DVDs, videos, and/or third-
      party training) used by this Defendant during the 5 years preceding the
      November 25, 2019 crash described in Plaintiff's Complaint.

**RESPONSE:**

34.   Please produce all driver handbooks and/or employee handbooks and/or
      driver manuals and/or company policy handbooks used by this Defendant
      during the 5 years preceding the November 25, 2019 crash described in
      Plaintiff's Complaint.

**RESPONSE:**

35.   Please produce a complete exemplar of all materials or "documents" that
      this Defendant instructed its employees to keep in their vehicles or
      otherwise provided its employees to keep in their vehicles (including but in
      no way limited to an accident investigation kit).

**RESPONSE:**

### _Sergio Manzanarez Martinez_

36.   Please state the following with respect to SERGIO MANZANAREZ MARTINEZ's
      employment:

      A.   The name of the business entity who employed him as of November 25,
           2019.

13

B.    His date of hire and termination with this Defendant.

C.    All titles or positions he held with this Defendant and the associated date range(s).

D.    His specific duties and responsibilities as of November 25, 2019.

E.    His supervisor as of November 25, 2019.

**RESPONSE:**


37.    Please produce all training materials <u>of any type whatsoever</u> provided by this Defendant to SERGIO MANZANAREZ MARTINEZ at any time during his employment.

**RESPONSE:**


38.    Please produce the <u>complete</u> training file and <u>complete</u> personnel file of SERGIO MANZANAREZ MARTINEZ as it relates to his employment with this Defendant, including any and all materials ever removed from such file(s) at any point for any reason.

**RESPONSE:**


39.    Please produce the <u>complete</u> "driver qualification file" of SERGIO MANZANAREZ MARTINEZ as it relates to his employment with this Defendant, including any and all materials ever removed from such file(s) at any point for any reason.

**RESPONSE:**

14

40.     Please produce any and all documents that relate in any way whatsoever to **any** drug-testing and/or alcohol-testing that was performed on SERGIO MANZANAREZ MARTINEZ at any time during his employment with this Defendant.

**RESPONSE:**

41.     Please produce all Driver Logs that relate in any way to the driving that SERGIO MANZANAREZ MARTINEZ performed as part of his employment with this Defendant during:

A.      The 180 days preceding the November 25, 2019 crash;

B.      The day of the crash;

C.      The 30 days following the November 25, 2019 crash.

**RESPONSE:**

42.     Please produce all "documents" that relate to SERGIO MANZANAREZ MARTINEZ trip reports (including all daily log summaries) for the 60 days prior to November 25, 2019.

**RESPONSE:**

43.     Please identify the cell phone number and service provider for each and every cell phone that SERGIO MANZANAREZ MARTINEZ had in his possession as of November 25, 2019.

**RESPONSE:**

44.    Please produce all "documents" reflecting any type of <u>call-in records</u> (including but not limited to emails, phone messages, memos) relative to SERGIO MANZANAREZ MARTINEZ'S performing duties for this Defendant at any time during 30 days preceding the crash.

**RESPONSE:**

45.    Please produce a color copy of all driver licenses and/or commercial driver licenses held by SERGIO MANZANAREZ MARTINEZ as of November 25, 2019.

**RESPONSE:**

46.    Please produce all payroll records relative to SERGIO MANZANAREZ MARTINEZ'S performing duties and/or training for this Defendant at any time during the 30 days preceding the crash.

**RESPONSE:**

47.    Please produce <u>complete</u> copies of all written agreements entered between SERGIO MANZANAREZ MARTINEZ and this Defendant at any time.

**RESPONSE:**

48.    Please produce all written warnings issued by this Defendant to SERGIO MANZANAREZ MARTINEZ relative to employment with this Defendant.

**RESPONSE:**

49.     Please produce all reports of careless or unsafe driving received by this
        Defendant relative to SERGIO MANZANAREZ MARTINEZ'S
        employment with this Defendant.

**RESPONSE:**

50.     Please produce all "documents" in your possession, custody or control
        pertaining to any "investigation and inquiries" made by and/or on behalf
        of this Defendant pursuant to 49 C.F.R. Section 391.23 regarding
        SERGIO MANZANAREZ MARTINEZ.

**RESPONSE:**

*Other*

51.     Please produce all safety flyers, safety bulletins, safety memos or any
        other "documents" of any type that were circulated by this Defendant to its
        employees <u>as</u>
        <u>a result of</u> the November 25, 2019 crash described in Plaintiff's Complaint.

**RESPONSE:**

52.     Please identify the Safety Director (or the person chiefly responsible for
        safety) at this Defendant's business at all times during the 5 years
        preceding the November 25, 2019 crash described in Plaintiff's
        Complaint.

**RESPONSE:**

17

53.   Describe in detail the method of calculating the pay, compensation, wages, salary, bonus, or commission of the driver of the vehicle involved in the collision during the calendar year which included the date of the collision.

**RESPONSE:**


54.   Please produce all "documents" in this Defendant's possession, custody or control that relate in any way to post-crash drug and/or alcohol and/or toxicology testing performed following the November 25, 2019 crash described in Plaintiff's Complaint.

**RESPONSE:**

55.   Has this Defendant undertaken any subsequent remedial measures as a result of the subject incident as described in Plaintiff's Complaint?

**RESPONSE:**

56.   If your answer to the previous request was "Yes": Please:

A.   Describe in detail what measures were undertaken.

B.   Identify the person(s) responsible for implementing the measures.

C.   State the purpose or rational for implementing the measures.

D.   Produce all documents of any kind whatsoever relating to the measures.

E.   Produce all photographs of any kind whatsoever relating to the measures.

**RESPONSE:**

57.  Do you contend that the act or acts of any party other than the Defendant(s) in any way caused and/or contributed to the incident made the basis of this suit?

    A.  If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the incident made the basis of this suit.

    B.  Please produce all documents, photographs, video and/or other materials that you contend support your contention.

**RESPONSE:**

58.  Please produce all indemnification agreements to which this Defendant is a party (or which relate to this Defendant in any way) with respect to claims alleged in Plaintiff's Complaint.

**RESPONSE:**

59.  Please identify all documents that are responsive to any of the requests set out herein but that you contend have been lost and/or destroyed.

**RESPONSE:**

60.  Please identify all documents that are responsive to any of the requests set out herein but that you have withheld on the basis of some privilege.

**RESPONSE:**

61.  Have any claims of any type or kind (including but not limited to insurance claims, complaints, lawsuits, and/or direct claims) been made known to you or been brought to your attention during the period from January 1, 2015 to present, arising from allegations that one of this Defendant's drivers caused a crash, injured and/or

19

killed any person(s), and/or damage a vehicle in any way whatsoever.

**RESPONSE:**

62.    If your answer to the previous request was "Yes": Please:

    A.    Identify the date, time, location, driver (by name and last known address), general circumstances for each such claim.

    B.    Produce all incident reports generated, created, and/or obtained by this Defendant (including employees, agents, or representatives of this Defendant) that relate to each such claim.

**RESPONSE:**

Respectfully submitted,

**CITRIN LAW FIRM, P.C.**
Attorneys for Plaintiff

*/s/ Jon D. Roberts, Jr.*
JON D. ROBERTS, JR.
1703 Main Street
Post Office Drawer 2187
Daphne, AL  36526
Telephone: 251.888.8888
Facsimile: 251.888.8000
Email: jon@CitrinLaw.com

**TO BE SERVED WITH PLAINTIFF'S COMPLAINT**.

*/s/ Jon D. Roberts, Jr.*

Revised 1-1-04; 4-1-99; 11-1-99

ELECTRONICALLY FILED
10/23/2020 10:35 AM
02-CV-2020-902120.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

Plaintiff(s)

vs.                                                    CIVIL ACTION NO. _____

                                                       DATE COMPLAINT FILED _____

Defendant(s)

### ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)    The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

### NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE GENERALLY**

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   **DOCTOR, HOSPITAL AND MEDICAL RECORDS**

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   **DAMAGES**

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   **AGENCY-TIME AND PLACE-DUTY**

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Lockett

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2020-902120.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### CHARLES ROBERT RALPH JR. V. ZARO TRANSPORTATION LLC

**NOTICE TO:** ZARO TRANSPORTATION LLC, 18729 METROPOLITAN ROAD, LAREDO, TX 78045

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JON DAVID ROBERTS JR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: Post Office Box 2187, Daphne, AL 36526

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ *[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 12/30/2020 | /s/ JOJO SCHWARZAUER | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____
*(Date)*

_____ _____ _____
*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

_____ _____
*(Server's Printed Name)* *(Phone Number of Server)*

CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Mobile Circuit Court, Alabama

CASE #: 02-CV-2020-902120.00

CHARLES ROBERT RALPH, JR.

Plaintiff
vs
ZARO TRANSPORTATION, LLC.

Defendant

### AFFIDAVIT OF SERVICE

I, ADRIANA A VAZQUEZ, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 01/03/21 1:59 pm, instructing for same to be delivered upon ZARO
TRANSPORTATION, LLC..

That I delivered to: ZARO TRANSPORTATION, LLC.. By Delivering to Jovani Luna,
                     Manager

the following      : SUMMONS, CIVIL; COVER SHEET CIRCUIT COURT-CIVIL CASE;
                     COMPLAINT; PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT ZARO
                     TRANSPORTATION, LLC.

at this address    : 18729 METROPOLITAN ROAD
                     Laredo, Webb County, TX 78045

Manner of Delivery : By PERSONALLY delivering the document(s) to the person above.

Delivered on       : Friday JAN 22, 2021 11:18 am

My name is ADRIANA A VAZQUEZ, my date of birth is APR 23rd, 1984, and my address is
Professional Civil Process Of Texas, Inc, 103 Vista View Trail, Spicewood TX 78669,
and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Webb County, State of Texas, on the _____27_____ day of
_____January_____, 20_21_.

                              _____
                              ADRIANA A VAZQUEZ        2837    Declarant
                              TX Certification#: PSC-13894 Exp. 02/28/2024

eaffidavits@pcpusa.net

Service Fee:  75.00  PCP Inv#: A20C05167
Witness Fee:   .00
Mileage Fee:   .00  Reference : CHARLES RALPH 208129
Roberts, Jon D. (Jr.)
                              RETURN TO CLIENT

**EXHIBIT B**



## ANDY CITRIN
····· INJURY ATTORNEYS·····

MICHAEL L. FONDREN*          ANDREW T. CITRIN          W. BRADFORD KITTRELL
JON D. ROBERTS              J. MATTHEW SHELBY              DAVID J. THIES
                           DONNIE R. RIGGINS

ALSO LICENSED IN MS*

April 23, 2020

Margarita Rios
OneSource Claims Management, LLC
c/o Transborder Insurance Claims Administrator
6320 Canoga Avenue
Suite 750
Woodland Hills, CA  91367

Re:     My Client:         **Charles  Ralph**
        Your Insured:      **Zaro Trucking LLC**
        Your Driver:       **Sergio M. Martinez**
        Date of Incident:  **November 25, 2019**
        Claim #:           **2020651584**

Dear Ms. Rios:

I represent Charles Ralph for injuries he received in an accident which occurred on November 25, 2019.

**Details of crash and injuries:**

Mr. Ralph and Mr. Martinez were both were both traveling east on I-10. While exiting to travel north on Rangeline Road, per witness testimony and dash cam footage, Mr. Martinez entered Mr. Ralph's lane of traffic, forcing Mr. Ralph to leave the roadway in attempt to avoid Mr. Martinez's vehicle crashing into his. As Mr. Ralph re-entered the roadway, Mr. Martinez and Mr. Ralph's vehicles collided, causing Mr. Ralph's vehicle to overturn.

Mr. Ralph was treated at the Providence Hospital for injuries relative to his head, neck and back. He followed up with the VA and chiropractor for continuing pain.

**LIABILITY:**
Mr. Martinez violated the following driving safety principles:

**ALA CODE § 32-5A-190: Alabama Code - Section 32-5A-190: RECKLESS DRIVING**
Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a



DAPHNE   FOLEY   MOBILE   MONTGOMERY   PASCAGOULA
(P) 251-888-8888   (F) 251-888-8000
POST OFFICE BOX 2187
DAPHNE, ALABAMA 36526

[Type text]

speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.

## APJI 29.00 – WANTONESS
Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probable result.  Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

## APJI 26.08 – DUTY TO KEEP A LOOKOUT
A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway.  A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen and is negligent if he fails to discover a vehicle which he could have discovered in time to avoid the injury.

## APJI 26.00 – DUTY OWED BY OPERATOR OF MOTOR VEHICLE
The driver of a motor vehicle upon a public highway is under a duty to exercise reasonable care to avoid inflicting injury upon others who may be lawfully using the same public highway. Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances

## APJI 28.01-NEGLIGENCE AND ORDINARY CARE
Negligence means the failure to exercise reasonable care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances. Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

**Injuries, Symptoms, Diagnosis, Tests & Treatment:**

CT Abdomen/Pelvis w Contrast
CT Brain
CT Thorax
X-Ray Cervical Spine
X-Ray Chest
Lumbar Strain
Back Pain
Neck Pain
Head Pain
Lightheaded
Numbness in Fingers
Post-Traumatic Stress Disorder

[Type text]

**Medical Charges:**

| | |
|---|---|
| Providence Hospital | $ 14,133.41 |
| Mobile Emergency Physicians | $ 1,400.00 |
| Radiology Associates of Mobile | $ 560.00 |
| Foster Chiropractic | $ 2,995.00 |
| **Total Charges:** | **$ 19,088.41** |

**\*\*Medical records from the VA will be supplemented upon receipt.**

In light of the above, we demand $ --- as full and final settlement. Taking into consideration the clear negligence established by Mr. Martinez, it is our position that a verdict against your insured would be in excess of our demand. Please be advised that we intend to present evidence and arguments at trial to the jury not only to award compensatory damages, but punitive damages as well. An award for punitive damages will not only punish Mr. Martinez for his wrongful acts but protect the public by deterring Mr. Martinez and others from doing such acts in the future.

As such, please put your insured on notice of our offer to settle for $ --- to protect your insured's best interests and insulate them from an excess judgment and avoid any personal attachable assets they may have that would be at risk.

Please contact my paralegal, Mallorie Daughtry, directly at 251-888-8294 if there is any further documentation you need as soon as possible. Our client agrees to accept $ --- as full and final settlement for all claims. Please contact our office within seven (7) days of receipt to discuss this matter.

Sincerely,

JON ROBERTS
For the Firm

JR/md